**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JUDITH DIGHELLO, | : | CIVIL ACTION NO. |
| PLAINTIFF | : | 3:16-CV-1340 |
| | : | |
| v. | : | |
| | : | |
| THURSTON FOODS, INC. | : | |
| DEFENDANTS | : | AUGUST 8, 2016 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331 and 1441, Defendant Thurston Foods, Inc. ("Thurston" or "Defendant"), hereby requests removal of a civil action from the Superior Court of the State of Connecticut, Judicial District of New Haven at Meriden, to the United States District Court for the District of Connecticut, and as grounds, states as follows:

1.      According to a State Marshal's Return of Service, as posted on the Connecticut Judicial Branch's website, Defendant Thurston was served on July 19, 2016, with a summons and the complaint filed in Connecticut Superior Court for the Judicial District of New Haven at Meriden with a Return Date of August 16, 2016.  That lawsuit was assigned Docket No. NNI-CV-16-6009441-S (the "Superior Court Action").  Copies of the Summons and Complaint in the Superior Court Action are attached at Exhibit 1 in accordance with 28 U.S.C. § 1446(a).  Thurston is the only listed defendant in this action.  A copy of the State Marshal's Return of Service is attached as Exhibit 2.

2.     The state court in which the Superior Court Action was commenced is within this Court's district.  See 28 U.S.C. §§ 1441(a), 1446(a).

3.     In the Superior Court Action, Plaintiff alleges that the Defendant retaliated against her in violation of the Family Medical Leave Act, 29 U.S.C. §2612 et seq. ("FMLA") and interfered with her rights under the FMLA.  See, Exhibit 1 at the Fifth and Sixth Counts.  In addition to her federal claims, Plaintiff asserts various violations of the Connecticut Fair Employment Practices Act ("CFEPA") in violation of Connecticut General Statutes §46a-60(a)(1) et seq., intentional infliction of emotional distress, common law wrongful discharge and a violation of Connecticut General Statutes §31-51q.  Id. at the First, Second, Third, Fourth, Seventh, Eighth and Ninth Counts.

4.     The Superior Court Action involves a federal question, as Plaintiff seeks to recover damages pursuant to the FMLA 29 U.S.C. §2612 et seq. Therefore, this Court has original jurisdiction under 28 U.S.C. §1331. Accordingly, the Superior Court Action may be removed by Thurston pursuant to 28 U.S.C. §1441(a) through (c).

5.     This Notice of Removal is filed within 30 days of Thurston's receipt of the Complaint in the Superior Court Action.  See 28 U.S.C. § 1446(b).

6.     In accordance with 28 U.S.C. § 1446(d), copies of this Notice of Removal have been served on Plaintiff and filed with the clerk of the Superior Court of the State of Connecticut, Judicial District of New Haven at Meriden.

2

WHEREFORE, Defendant respectfully requests that the Superior Court Action be removed to this Court.

<div style="margin-left:40%">

Respectfully submitted,
DEFENDANT,
THURSTON FOODS, INC.

By_____/s/_____
    Joseph W. McQuade, ct12121
    Kainen, Escalera & McHale, P.C.
    21 Oak Street, Suite 601
    Hartford, CT  06106
    Tel: (860) 493-0870
    Fax: (860) 493-0871
    Email: jmcquade@kemlaw.com
    Its Attorneys

</div>

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 8th day of August, 2016, a copy of the foregoing Notice of Removal was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties who have appearances as of the time of this filing, by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

The foregoing was also mailed via U.S. Mail, first class, postage prepaid, on the 8th day of August, 2016 to Plaintiff's counsel:

> Andrew T. Redman, Esq.
> Cicchiello & Cicchiello, LLP
> 364 Franklin Avenue
> Hartford, CT  06114

<div align="right">

_____/s/_____
Joseph W. McQuade, ct12121

</div>

74207

# EXHIBIT 1

## SUMMONS - CIVIL

JD-CV-1 Rev. 10-15
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

STATE OF CONNECTICUT
### SUPERIOR COURT
www.jud.ct.gov



**See other side for instructions**

- [ ] "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
- [x] "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
- [ ] "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 54 West Main Street, Meriden, Connecticut 06451 | ( 203 ) 238-6666 | August    16 , 2016 <br> Month    Day   Year |

| [x] Judicial District | [ ] G.A. | At *(Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349)* | Case type code *(See list on page 2)* |
|---|---|---|---|
| [ ] Housing Session | Number: | New Haven at Meriden | Major: **M**    Minor: **90** |

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(to be entered by attorney only)* |
|---|---|
| Andrew T. Redman, Esq., Cicchiello & Cicchiello, LLP, 364 Franklin Avenue, Hartford, CT 06114 | 419987 |

| Telephone number *(with area code)* | Signature of Plaintiff *(If self-represented)* | |
|---|---|---|
| ( 860 ) 296-3457 | | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | [x] Yes [ ] No | Email address for delivery of papers under Section 10-13 *(if agreed to)* <br> aredman@cicchielloesq.com |
|---|---|---|

| Number of Plaintiffs: 1 | Number of Defendants: 1 | [ ] Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|
| **First Plaintiff** | Name:  Judith Dighello <br> Address: 887 Hanover Road, Apt. C, South Meriden, CT 06451 | P-01 |
| **Additional Plaintiff** | Name: <br> Address: | P-02 |
| **First Defendant** | Name:  Thurston Foods, Inc., 30 Thurston Drive, P.O. Box 744, Wallingford, CT 06492 <br> Address: AFS: John J. Thurston, 30 Thurston Drive, Wallingford, CT 06492 | D-01 |
| **Additional Defendant** | Name: <br> Address: | D-02 |
| **Additional Defendant** | Name: <br> Address: | D-03 |
| **Additional Defendant** | Name: <br> Address: | D-04 |

*TIMOTHY S. WALL, STATE MARSHAL*
*NEW HAVEN COUNTY CONNECTICUT*

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at *www.jud.ct.gov* under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at *www.jud.ct.gov* under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed *(Sign and "X" proper box)* | [x] Commissioner of the Superior Court [ ] Assistant Clerk | Name of Person Signing at Left <br> Andrew T. Redman, Esq. | Date signed <br> 07/18/2016 |
|---|---|---|---|

| If this Summons is signed by a Clerk: | | For Court Use Only |
|---|---|---|
| a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts. <br> b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law. <br> c. The Clerk is not permitted to give any legal advice in connection with any lawsuit. <br> d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | File Date | |

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date | Docket Number |
|---|---|---|---|

(Page 1 of 2)

RETURN DATE: AUGUST 16, 2016      :     SUPERIOR COURT

                                  :

JUDITH DIGHELLO                :     JD OF NEW HAVEN

                                    :

v.                                  :     AT MERIDEN

                                    :

THURSTON FOODS, INC.         :     JULY 18, 2016

## COMPLAINT

**FIRST COUNT:**        **Sex/Gender Discrimination and Wrongful Termination in Violation of Connecticut General Statutes § 46a-60(a)(1)**

1.    At all times set forth herein, the plaintiff, Judith Dighello (hereinafter referred to as "the plaintiff"), was a resident of the City of Meriden in the State of Connecticut.

2.    The defendant, Thurston Foods, Inc. (hereinafter referred to as "the defendant" or "the defendant company"), is a domestic corporation, organized under the laws of the State of Connecticut, with a business address of 30 Thurston Drive, P.O. Box 744, Wallingford, Connecticut 06492.

3.    The defendant is a wholesale food service distributor in the business of, *inter alia*, transporting and distributing wholesale food products.

4.    The defendant employs more than fifty (50) employees.

5.    The plaintiff filed an administrative complaint with the Connecticut Commission on Human Rights and Opportunities on or about November 10, 2015. The plaintiff received a release of jurisdiction letter dated April 25, 2016. This complaint is brought within ninety (90) days of the release of jurisidcition letter, which is attached hereto as *Exhibit A*.

6.    The plaintiff commenced her employment with the defendant in or about March 2011 as a router and dispatcher, and remained in that capacity until the wrongful termination of her employment on or about May 7, 2015. In that capacity, she coordinated routes for the defendant company's delivery trucks and drivers.

7.    Throughout the course of the plaintiff's employment with the defendant she was a good employee, as evidenced by a distinct lack of disciplinary history and her assignment to oversee the dispatch and coordination of upwards of fifty-five (55) separate delivery trucks and their concomitant routes.

8.    During the course of the plaintiff's tenure of employment with the defendant, the defendant's delivery operations doubled, and while the plaintiff's initial responsibilities included overseeing approximately twenty-five (25) delivery trucks, that responsibility eventually rose to the coordination of approximately fifty-five (55) trucks.

9.    Due to the doubling of the plaintiff's workload, and due to the fact that she was instructed to coordinate deliveries for approximately fifty-five (55) vehicles, the defendant company required the plaintiff to work twelve and a half (12.5) hour shifts, without breaks for lunch or rest, each day.

10.    In or about early April 2015, the plaintiff became ill, in part due to being overworked.  The plaintiff was diagnosed with walking pneumonia and a respiratory infection, and the plaintiff's physician instructed her to remain out of work for two (2) days.  At that time, the plaintiff provided the defendant company with a copy of an out-of-work note from her physician.

11.    In response to the plaintiff having provided the defendant company with an out-of-work note, the plaintiff was made aware that she was not entitled to sick pay.

12.    When the plaintiff returned to work two (2) days later, she informed the defendant's management that she would need to lighten her work load, at least temporarily, until her symptoms improved.  In response, the defendant's management reminded her that she was

2

not permitted to take breaks, and that she was required to work full twelve and a half (12.5) hour shifts.

13.    At or around that time, the defendant company hired a male employee named Art (last name unknown), who, upon information and belief, was hired to replace the plaintiff.

14.    Upon information and belief, the defendant sent Art to classes to learn how to perform the plaintiff's job duties.   During the course of the plaintiff's employment, Art worked with her for a period of time.

15.    Shortly after Art was hired, Bob Thurston, the defendant's secretary and head of transportation, told the plaintiff that: "Women should not be hired for this position.  Women are too weak for this job."

16.    Shortly thereafter, the plaintiff suffered a bronchial asthma attack while in the office, and sought emergency treatment at the MidState Medical Center in Meriden, where she underwent x-rays, was prescribed an inhaler, and put on medication.

17.    The plaintiff thereafter returned to work, and despite her condition, was again instructed by the defendant that she was still required to work the full twelve and a half (12.5) hour shifts, without breaks for rest or lunch.

18.    Upon information and belief, at the time of the events set out herein, the defendant company was running its distribution operations with approximately ten (10) fewer truck drivers than was necessary.

19.    Upon information and belief, the defendant company, rather than hire the necessary amount of drivers, would require its drivers to operate their trucks for hours in excess of that allowed by pertinent laws and regulations.

3

20.     On at least one occasion that the plaintiff is personally aware of at present, the defendant's drivers have been fined by the State of Connecticut Department of Transportation (hereinafter referred to as the "DOT") for operating for more hours than allowed in a given week. The truck drivers were asked by the defendant company to falsify their driving records. Approximately 90% of the defendant company's truck drivers were involved in this practice.

21.     The plaintiff was also asked by representatives of the defendant company to falsify the defendant company's manifest showing service time of truck drivers, by changing the service time hours of truck drivers to zero (0) hours.

22.     Based on the plaintiff's observation that the defendant was operating with fewer trucks than was necessary, she informed her supervisor, Greg (last name unknown), that she believed the defendant needed to hire more drivers in order to accommodate all of the deliveries without requiring drivers to operate more hours than was allowed.

23.     In response to the plaintiff having disclosed her belief that the defendant needed to hire more drivers, Greg became angered, and an argument ensued and escalated to the point where the plaintiff believed Greg was going to hit her in the face. At that time, Greg cornered the plaintiff in her five foot (5') by five foot (5') office, shut the door, and screamed at her while effectively pinning her against the wall.

24.     Following the aforesaid exchange with Greg, the plaintiff went to the defendant's human resources representative, and complained that she believed she was in a hostile work environment. The human resources representative said to the plaintiff: "I know exactly what you mean, because he's done it before to me." The human resources representative then went on to describe how Greg looked when he berated her, which comported with what had just occurred to the plaintiff.

4

25.    The defendant's human resources representative's response was to take the plaintiff out to lunch with another female coworker. During the course of that lunch, the human resources representative stated to the plaintiff: "This is a man's job. We are the only girls here." At that time, the plaintiff confided in the human resources representative that as a child, the plaintiff was the victim of physical abuse, and that when Greg pinned her against the wall, she recalled having been beaten by her stepfather, and that she was therefore petrified to go back to work.

26.    The defendant's human resources representative's response was to instruct the plaintiff that she should not tell Greg about what had happened to her, because it would "come off as you being weak."

27.    With respect to the plaintiff's original complaints about the defendant company having too few drivers, the plaintiff was told: "Don't worry, if we can make it until June without hiring any more drivers, we can save some money and we'll be fine."

28.    Because the defendant company operates several semi-trailers as part of its distribution operations, the Environmental Protection Agency (hereinafter referred to as the "EPA") requires that the defendant keep and submit accurate logs of its on-site fueling station, including which drivers utilized the station for filling, and how much fuel was dispensed on each occasion.

29.    In or about late April 2015, despite the fact that the plaintiff had never been previously instructed to prepare such logs, Bob Thurston instructed the plaintiff to assemble logs for approximately fifty (50) separate drivers dating back two weeks in response to a failed EPA inspection.

30.    In response, the plaintiff informed Bob Thurston that she was already busy handling dispatch and routing, and she stated that she was already working twelve and a half (12.5) hours per day, and that another employee could easily handle the task. Bob Thurston responded to the plaintiff's comments by instructing her to "come in earlier and get it done."

31.    Though the plaintiff was already working twelve and a half (12.5) hour shifts, she complied with Bob Thurston's request, and compiled the forms from the information given to her by Jim Thurston, a representative of the defendant who had previously been responsible for logging the on-site fueling.

32.    On or about May 7, 2015, the plaintiff submitted the report to Bob Thurston. Shortly after she submitted the report, Bob Thurston, outside his office, and in front of approximately ten (10) other employees, waived the papers in front of the plaintiff's face, screaming at her that the numbers contained in the report did not match.

33.    In response, the plaintiff replied that she had checked the math on the reports three times, that she understood that the numbers did not match, and that she was simply inputting information given to her by Jim Thurston.

34.    Bob Thurston, again in front of approximately ten (10) employees, commenced a verbal tirade against the plaintiff, screaming: "Don't you know how to do math? I knew how to do math when I was six years old in kindergarten."

35.    The defendant's human resources representative overheard the screaming, and was present for the ensuing conversation, wherein Bob Thurston screamed at the plaintiff: "I have to do your job myself, because you're incompetent."

6

36.    At the time of these events, the plaintiff was shaking in fear and embarrassment. The plaintiff then informed the defendant's human resources representative that she needed to take a break, and she proceeded to walk to the parking lot.

37.    The plaintiff was met there by Jim Thurston, who apologized on behalf of Bob Thurston, and told the plaintiff that: "Bob is way too intense. How do you think I feel growing up with him?"

38.    In an attempt to calm down, the plaintiff went down the street in order to purchase a coffee. At that point, the plaintiff was in tears and was distraught following the aforesaid exchange.

39.    Shortly thereafter, the plaintiff called the defendant and asked for the defendant's human resources representative's cell phone number. The plaintiff spoke with her supervisor, Greg, and informed him that she was having a coffee and trying to calm down from the incident that had happened earlier.

40.    Greg responded by telling the plaintiff not to come back until she spoke with the human resources representative. At that time, the plaintiff asked Greg if the defendant had hired Art to replace her. Greg responded by telling her, "I don't know."

41.    The plaintiff thereafter received a phone call from the defendant's human resources representative, and was placed on speaker phone. The plaintiff was informed that the problem with the logs had been discovered, and she was informed that the problem was that the receipts Jim Thurston had provided her with were incomplete.

42.    The plaintiff responded by reiterating that she did not believe that assembling the logs or the report to the DOT was her job. In response, she was told, "We do not have job descriptions. What we give you to do is in your job description."

7

43.     In that same conversation, the plaintiff also complained that she felt she was being threatened and was being subject to a hostile work environment.   The defendant's human resources representative responded by telling her: "Being hostile isn't illegal.   If you can't take yelling and screaming, maybe this isn't the job for you."

44.     At that point in the conversation, the plaintiff asked if she was being fired.   The plaintiff did not receive a response, and the conversation ended.

45.     Shortly after that conversation ended, the plaintiff sent a text message to Greg asking, "Am I fired?"

46.     Approximately two hours later, the plaintiff received a reply to her text stating, "You left us high and dry on break.   We do not need 2 weeks notice.   We will pack your stuff. Tell me where we can meet tonight to give you your stuff."

47.     Following this exchange, the plaintiff was not allowed back into the defendant's facility to even retrieve her coat, and the service to her mobile phone was shut off within two (2) hours.

48.     As such, the plaintiff was wrongfully terminated by the defendant on or about May 7, 2015.

49.     The defendant terminated the plaintiff's employment, discriminated against the plaintiff in the terms, conditions and/or privileges of her employment on the basis of her sex/gender, treated the plaintiff disparately as compared with similarly situated male employees, subjected the plaintiff to a hostile work environment, and replaced the plaintiff with a male employee with less experience.

50.   The foregoing conduct of the defendant constitutes unlawful sex/gender discrimination and unlawful termination of employment in violation of the Connecticut Fair Employment Practices Act, Connecticut General Statutes § 46a-60(a)(1).

51.   As a result of the foregoing unlawful conduct of the defendant, the plaintiff has suffered and will continue to suffer lost wages and employment benefits, as well as other consequential losses and damages.

52.   As a further result of the foregoing unlawful conduct of the defendant, the plaintiff has expended attorney's fees and costs in order to secure the rights to which she is entitled.

53.   As a further result of the foregoing unlawful conduct of the defendant, the plaintiff has suffered and will continue to suffer in the future, considerable emotional and psychological pain and suffering.

**SECOND COUNT:**          **Disability   Discrimination   and   Perceived   Disability Discrimination and Wrongful Termination in Violation of Connecticut General Statutes § 46a-60(a)(1)**

1.   The plaintiff herein repeats and realleges Paragraphs 1 through 48 above as Paragraphs 1 through 48 of this Second Count as if fully set forth herein.

49.   The defendant terminated the plaintiff's employment and discriminated against the plaintiff in the terms, conditions and/or privileges of her employment on the basis of her physical disability, namely walking pneumonia and bronchial asthma, and/or the defendant's perception that the plaintiff's medical conditions rendered her disabled.

50.   The foregoing conduct of the defendant constitutes unlawful disability discrimination and/or perceived disability discrimination, and unlawful termination of

9

employment in violation of the Connecticut Fair Employment Practices Act, Connecticut General Statutes § 46a-60(a)(1).

51.     As a result of the foregoing unlawful conduct of the defendant, the plaintiff has suffered and will continue to suffer lost wages and employment benefits, as well as other consequential losses and damages.

52.     As a further result of the foregoing unlawful conduct of the defendant, the plaintiff has expended attorney's fees and costs in order to secure the rights to which she is entitled.

53.     As a further result of the foregoing unlawful conduct of the defendant, the plaintiff has suffered and will continue to suffer in the future, considerable emotional and psychological pain and suffering.

**THIRD COUNT:**          **Failure to Accommodate in Violation of Connecticut General Statutes § 46a-60(a)(1)**

1.     The plaintiff herein repeats and realleges Paragraphs 1 through 48 above as Paragraphs 1 through 48 of this Third Count as if fully set forth herein.

49.     The defendant refused to engage with the plaintiff to determine whether it could provide her with a reasonable accommodation and ultimately failed to provide her with a reasonable accommodation or transfer her to a suitable position.

50.     The foregoing conduct of the defendant constitutes a failure to accommodate in violation of the Connecticut Fair Employment Practices Act, Connecticut General Statutes § 46a-60(a)(1).

51.     As a result of the foregoing unlawful conduct of the defendant, the plaintiff has suffered and will continue to suffer lost wages and employment benefits, as well as other consequential losses and damages.

10

52.    As a further result of the foregoing unlawful conduct of the defendant, the plaintiff has expended attorney's fees and costs in order to secure the rights to which she is entitled.

53.    As a further result of the foregoing unlawful conduct of the defendant, the plaintiff has suffered and will continue to suffer in the future, considerable emotional and psychological pain and suffering.

**FOURTH COUNT:**          **Retaliation in Violation of Connecticut General Statutes § 46a-60(a)(4)**

1.    The plaintiff herein repeats and realleges Paragraphs 1 through 48 above as Paragraphs 1 through 48 of this Fourth Count as if fully set forth herein.

49.    The plaintiff engaged in activities protected under the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. §§ 46a-51, *et seq.*, including, *inter alia*, opposing and complaining about the defendant's foregoing unlawful conduct, including making legitimate complaints of being subject to a hostile work environment and being threatened by her supervisors and the defendant company's management.

50.    The defendant retaliated against the plaintiff for engaging in the foregoing protected activities by, *inter alia*, terminating the plaintiff's employment.

51.    The foregoing conduct of the defendant constitutes retaliation in violation of the Connecticut Fair Employment Practices Act, Connecticut General Statutes § 46a-60(a)(4).

52.    As a result of the foregoing unlawful conduct of the defendant, the plaintiff has suffered and will continue to suffer lost wages and employment benefits, as well as other consequential losses and damages.

53.     As a further result of the foregoing unlawful conduct of the defendant, the plaintiff has expended attorney's fees and costs in order to secure the rights to which she is entitled.

54.     As a further result of the foregoing unlawful conduct of the defendant, the plaintiff has suffered and will continue to suffer in the future, considerable emotional and psychological pain and suffering.

**FIFTH COUNT:**            **Retaliation in Violation of the Family Medical Leave Act, 29 U.S.C. § 2612, *et seq.***

1.     The plaintiff herein repeats and realleges Paragraphs 1 through 48 above as Paragraphs 1 through 48 of this Fifth Count as if fully set forth herein.

49.     The plaintiff was an eligible employee under the Family Medical Leave Act (hereinafter referred to as the "FMLA"), and the plaintiff was entitled to leave under the FMLA in the event of a qualifying medical condition.

50.     The plaintiff was retaliated against and subject to adverse employment action for attempting to exercise and/or exercising her rights under the FMLA.

51.     As a result of the defendant company's violation of the FMLA, subjecting the plaintiff to adverse employment action, and terminating the plaintiff's employment, the plaintiff has suffered a loss of compensation, including but not limited to lost wages and lost employment benefits.

52.     Furthermore, as a result of the defendant company's actions, as aforesaid, the plaintiff has been forced to spend legal fees and costs in order to obtain the rights to which she is entitled.

**SIXTH COUNT:**      **Interference in Violation of the Family Medical Leave Act, 29 U.S.C. § 2612,** *et seq.*

1.    The plaintiff herein repeats and realleges Paragraphs 1 through 48 above as Paragraphs 1 through 48 of this Sixth Count as if fully set forth herein.

49.    The plaintiff was an eligible employee under the FMLA, and the plaintiff was entitled to leave under the FMLA in the event of a qualifying medical condition.

50.    The defendant company interfered with the plaintiff's right to take FMLA leave in that it failed to apprise the plaintiff of her rights under the FMLA and for terminating her employment as opposed to offering job-protected medical leave.

51.    As a result of the defendant company's violation of the FMLA, subjecting the plaintiff to adverse employment action, and terminating the plaintiff's employment, the plaintiff has suffered a loss of compensation, including but not limited to lost wages and lost employment benefits.

52.    Furthermore, as a result of the defendant company's actions, as aforesaid, the plaintiff has been forced to spend legal fees and costs in order to obtain the rights to which she is entitled.

**SEVENTH COUNT:**      **Intentional Infliction of Emotional Distress**

1.    The plaintiff herein repeats and realleges Paragraphs 1 through 48 above as Paragraphs 1 through 48 of this Seventh Count as if fully set forth herein.

49.    The defendant's aforementioned actions were extreme and outrageous.

50.    The foregoing actions of the defendant were intended to inflict emotional distress upon the plaintiff and the defendant knew, or in the exercise of reasonable care, should have known, that emotional distress was the likely result of the aforementioned conduct.

51.    As a result of the defendant's aforementioned conduct, the plaintiff has suffered and will continue to suffer in the future, considerable emotional and psychological pain and suffering.

52.    As a further result of the defendant's aforementioned conduct, the plaintiff has suffered a loss of income.

53.    As a further result of the defendant's aforementioned conduct, the plaintiff has been forced to incur attorney's fees and costs in order to obtain the rights to which she is entitled.

**EIGHTH COUNT:**           **Common Law Wrongful Discharge**

1.    The plaintiff herein repeats and realleges Paragraphs 1 through 48 above as Paragraphs 1 through 48 of this Eighth Count as if fully set forth herein.

49.    Public policy mandates that employers must comply with the Federal Motor Carrier Safety Act and the regulations promulgated by the United States Department of Transportation pursuant to the same; see 49 C.F.R. §§ 300-399; particularly those regarding hours of service. See 49 C.F.R. §§ 395.1, *et seq.*

50.    The defendant did not comply with the Federal Motor Carrier Safety Act and the regulations promulgated by the United States Department of Transportation pursuant to the same.

51.    The defendant wrongfully discharged the plaintiff after the plaintiff complained internally regarding the defendant's compliance with the Federal Motor Carrier Safety Act and the regulations promulgated by the United States Department of Transportation pursuant to the same.

52.    The aforementioned conduct by the defendant, through its agents, servants and/or employees constitutes a violation of public policy.

14

53.     As a result of the her wrongful discharge by the defendant, through its agents, servants and/or employees, the plaintiff has suffered, and will continue to suffer lost wages and lost employment benefits.

54.     As a further result of her wrongful discharge by the defendant, through its agents, servants and/or employees, the plaintiff has suffered, and will continue to suffer, considerable emotional distress and psychological pain and suffering, and has incurred legal fees and costs in order to obtain the rights to which she is entitled.

**NINTH COUNT:**             **Violation of Connecticut General Statutes § 31-51q**

1.     The plaintiff herein repeats and realleges Paragraphs 1 through 48 above as Paragraphs 1 through 48 of this Ninth Count as if fully set forth herein.

49.     The plaintiff's complaints, comments, and statements regarding the defendant's compliance with the Federal Motor Carrier Safety Act and the regulations promulgated by the United States Department of Transportation pursuant to the same; see 49 C.F.R. §§ 300-399; effected employees of the defendant company and the general public, and were protected by the First Amendment of the Constitution of the United States and/or Article First, §§ 4 and 14 of the Constitution of the State of Connecticut.

50.     The defendant violated Connecticut General Statutes § 31-51q by terminating the plaintiff's employment on account of the exercise by plaintiff's rights guaranteed by the First Amendment of the Constitution of the United States and/or Article First, §§ 4 and 14 of the Constitution of the State of Connecticut.

51.     As a result of the her wrongful discharge by the defendant, through its agents, servants and/or employees, the plaintiff has suffered, and will continue to suffer lost wages and lost employment benefits.

52.    As a further result of her wrongful discharge by the defendant, through its agents, servants and/or employees, the plaintiff has suffered, and will continue to suffer, considerable emotional distress and psychological pain and suffering, and has incurred legal fees and costs in order to obtain the rights to which she is entitled.


THE PLAINTIFF,
JUDITH DIGHELLO


By: _____
Andrew T. Redman, Esq.
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, Connecticut 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Juris No. 419987
aredman@cicchielloesq.com

RETURN DATE: AUGUST 16, 2016       :     SUPERIOR COURT

                                :

JUDITH DIGHELLO               :     J.D. OF NEW HAVEN

                                  :

v.                               :     AT MERIDEN

                                  :

THURSTON FOODS, INC.       :     JULY 18, 2016

## PRAYER FOR RELIEF

**WHEREFORE,** the plaintiff demands the following:

1. Monetary damages;

2. Reinstatement or front pay;

3. Reasonable attorney's fees and costs of this action;

4. Damages for emotional distress and psychological pain and suffering;

5. Punitive damages;

6. Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1); and

7. Such other relief as the court deems just and appropriate.

THE PLAINTIFF,
JUDITH DIGHELLO

By: _____
Andrew T. Redman, Esq.
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, Connecticut 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Juris No. 419987
aredman@cicchielloesq.com

17

RETURN DATE: AUGUST 16, 2016  :  SUPERIOR COURT

JUDITH DIGHELLO     :  J.D. OF NEW HAVEN

             :  AT MERIDEN
v.

THURSTON FOODS, INC.    :  JULY 18, 2016

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand is in excess of $15,000.00, exclusive of interest and costs.

THE PLAINTIFF,
JUDITH DIGHELLO

By: _____
Andrew T. Redman, Esq.
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, Connecticut 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Juris No. 419987
aredman@cicchielloesq.com

18

# Exhibit A

STATE OF CONNECTICUT
COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Judith A. Dighello
COMPLAINANT

vs.

Thurston Foods Inc.
RESPONDENT

CHRO No. 1630259

EEOC No. 16A201600482

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action must be served on the Commission by email at ROJ@ct.gov or, if you do not have access to email, at 25 Sigourney Street, Hartford, CT 06106 at the same time all other parties are served. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

_Tanya A. Hughes_

Tanya A. Hughes, Executive Director

**DATE:**    April 25, 2016

cc:  Judith A. Dighello – via regular mail
Andrew T. Redman, Esq. – aredman@cicchielloesq.com
Joseph W. McQuade – jmcquade@kemlaw.com

# EXHIBIT 2

### OFFICER'S RETURN

**STATE OF CONNECTICUT**

                   **ss: Wallingford**               **July 19, 2016**

**COUNTY OF NEW HAVEN**

Then and there by virtue hereof, I served the within named Defendant, **THURSTON FOODS, INC.,** by leaving with and in the hands of, John J. Thurston, Agent for Service, 30 Thurston Drive, in the Town of Wallingford, a true and attested copy of the original Writ, Summons, Complaint, Prayer For Relief, Statement of Amount in Demand, Exhibit A, with my endorsement thereon.

The within and foregoing is the original Writ, Summons, Complaint, Prayer For Relief, Statement of Amount in Demand, Exhibit A, with my doings hereon endorsed.

                         ATTEST:

                         TIMOTHY S. WALL
                         STATE MARSHAL
                         NEW HAVEN COUNTY

FEE:
| | | |
|---|---|---|
| Service Fee | $ | 40.00 |
| Copies | | 21.00 |
| Endorsement | | .80 |
| Travel | | 3.43 |
| TOTAL | $ | 65.23 |